165 So. 192

**REED v. SUCCESSION OF GIBSON.**

**In re LEWIS.**

No. 33719.

Jan. 6, 1936.

Pierre Morere, of New Orleans, for applicant in writ Robert Lewis.

Legier, McEnerny & Waguespack, of New Orleans, for respondent Mrs. Martha M. Reed.

Frank W. Hart, of New Orleans, for respondent civil sheriff.

HIGGINS, Justice.

Relator made application to this court for writ of mandamus to compel the district judge to issue a writ of injunction, restraining the defendant from further proceeding with the foreclosure of a mortgage against certain real estate, alleging that the note under which the executory proceedings were instituted had prescribed, and that the trial judge, without hearing the rule nisi for the issuance of the injunction, recalled the rule and refused to issue a preliminary injunction. It was further alleged that, if the injunction was not granted, the property seized would be sold, resulting in irreparable injury to relator, and that she had no other adequate remedy.

We made the writs returnable to this court on December 2, 1935, when the defendant and the respondent judge filed returns in which they both stated that, due to the fact that the rule for the injunction was fixed on the same day that a number of other rules had been assigned to be heard, and for the further reason that it would otherwise interfere with the jury term of his court, the trial judge, in effect, postponed the hearing of this rule, requesting counsel for relator to have the matter set for hearing during December.

The returns show that the relator's property has not been advertised for sale and that there was adequate time within which to hear the rule before a sale of the property could be effected.

It is further stated that the trial judge did not refuse to hear the rule or deny the injunction, but merely directed counsel for relator to have the rule set for hearing on a later date.

Since the trial judge did not pass upon the application of the relator for a preliminary writ of injunction and did not refuse to hear the rule nisi, but merely postponed the hearing until a later date, when the rights of relator could be determined without causing any prejudice or irreparable injury to her, there is no reason why this court should ex-

ercise its supervisory jurisdiction. The action of the relator is clearly premature.

For the reasons assigned, the writs are recalled and set aside, at relator's costs.